UNITED STATES COURT OF APPEALS
**Filed 11/7/96**
FOR THE TENTH CIRCUIT

_____

BOBBIE BATTLE, et al.,

      Plaintiffs-Appellants,

v.

LARRY FIELDS, Director; DAN
REYNOLDS, Warden of Oklahoma
State Penitentiary; CALVINO S.
MUSE, Chairman of the Board of
Corrections; and HUGH REED;
WILLIAMS EVANS; PHIL
DESSAUER; JOE R. MANNING, JR.;
GREGORY H. HALL; and DANIEL
BINTZ; ALL MEMBERS OF THE
OKLAHOMA BOARD OF
CORRECTIONS, Oklahoma Board of
Corrections,

      Defendants-Appellees,

_____

UNITED STATES OF AMERICA,

      Plaintiff-Intervenor.

Nos. 95-7164
&
96-7013
(D.C. No. CV-72-95)
(E.D. Okla.)

_____

ORDER AND JUDGMENT[*]

_____

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court

(continued...)

Before ANDERSON, TACHA, and EBEL, Circuit Judges.

This appeal was originally taken from a district court order, dated November 15, 1995, which dismissed all but one issue in the case and dissolved certain injunctions in this long-standing prison conditions litigation. Our disposition of the appeal, <u>Battle v. Fields</u>, No. 95-7164, 96-7013, 81 F.3d 172 (Table), 1996 WL 145675 (10th Cir. Mar. 29, 1996)(unpublished order and judgment), vacated the district court's order, remanded the case for a full and fair evidentiary hearing on the underlying motions, and directed that the case be transferred to a different district court judge. <u>Id.</u> at **2. This case returns to us by mandate from the Supreme Court. The Court's order vacated our order and judgment and remanded the case to us "for further consideration in light of the Prison Litigation Reform Act of 1996." <u>Fields v. Battle</u>, 65 U.S.L.W. 3220, 65 U.S.L.W. 3255, 1996 WL 375974, at *1 (U.S. Oct. 7, 1996)(No. 95-2090).

We hereby readopt our previous conclusions, and reaffirm our order and judgment, dated March 29, 1996. Therefore, the district court's order of

*(...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

November 15, 1995, is vacated, and we again remand the case to the district court for a prompt hearing on the underlying motions. In light of further proceedings in the district court following our March 29, 1996 order, it is clear that the court complied with our order to reassign the case to a different district court judge. We reaffirm that order on remand.

Initially on remand, the district court should consider the newly enacted Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA purports to establish a new standard by which prison reform decrees are to be judged. To the extent that defendants have moved to modify or terminate the previous injunctions in this case pursuant to 18 U.S.C. § 3626(b)(2), and to the extent that plaintiffs have challenged the constitutionality or other applicability of the PLRA, the district court should consider such challenges to this legislation. If it determines that the PLRA is applicable and constitutional, we direct the district court to the requirement of 18 U.S.C. § 3626(e)(1) that the court "shall promptly rule on any motion to modify or terminate prospective relief in a civil action with respect to prison conditions."

Plaintiffs have filed an emergency motion urging this court, in part, to reaffirm our previous stay pending appeal of the district court's order and our

reassignment of the case to a different district court judge. Plaintiff-intervenor had responded to the motion. Defendants filed a motion for extension of time to respond. In light of this opinion, plaintiffs' and defendants' motions are denied as moot.

The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM